# SUPERIOR COURT OF CINCINNATI

No. 568

RICKETTS v. C. M. & L. TRACTION CO.

Superior Court, Cincinnati, Hamilton County
No. 58656.  Decided June 11, 1923

This opinion has not been published except in Abstract.

NEGILGENCE—Application of "last clear chance" doctrine; automobile law.

MARX, J.

### Epitomized Opinion

Ricketts, owing to darkness and fog, mistook the road and drove his automobile on the tracks of the traction company where it was caught between the ties.  His companion started up the tracks toward an approaching interurban car.  When he was between 100 and 300 feet from Rickett's automobile he signaled the motorman to stop.  The motorman did not stop, though he claimed to be going but ve mile an hour, and was warned also by the rear light of the automobile.  The motorman continued ahead until he struck the machine.  Jury returned verdict for plaintiff.  The court, in overruling the Traction Company's motion for judgment notwithstanding the verdict and rendering judgment for plaintiff on the verdict, held:

1. Ricketts was negligent in going upon the tracks and was a trespasser in so doing, but after his machine was caught between ties he acted promptly and did everything possible to warn motorman. After motorman was warned and after he saw or ought to have seen the tail light, he had "the last clear chance" to stop and avoid collision.  Therefore it was proper for the jury to decide whether Rickett's negligence or motorman's negligence was the proximate or effective producing cause of collision.  The jury, having decided this question of fact for the plaintiff, the court as a matter of law cannot say finding was contrary to evidence.

**Attorneys**—Buchwalter, Headley & Smith, for Ricketts; A. H. Hodges, for Traction Company.

---

No. 569

LAWRENCE ELECTRIC CO. v. ENTERPRISE LUMBER CO.

Superior Court of Cincinnati
No. 58453.  July 9, 1923

This opinion has not been published except in Abstract.

AUTOMOBILE LAW—Center lines of certain irregular streets determined.

MARX, J.

### Epitomized Opinion

This case involved an irregular street intersection caused by a jog in Lincoln avenue where it intersects Park avenue with the result that the north side of Lincoln west of Park is about opposite the south side of Lincoln east of Park.  The city ordinance, Sec. 680 (2) 9, reads:

Any vehicle turning into another street to the left, shall pass to the right of any beyond the center of the street intersection before turning."

At the first trial the center of this street intersection was held by the court as a matter of law to be the point of intersection of the center line of Park and the diagonal line connecting the two points where the center lines of Lincoln east and west of Park intersect the east and west sides of Park.  In setting aside the verdict of the first trial the court reversed this position and held that the center of the street intersection was the point of intersection of Park and the center line of Lincoln to the west of Park extended.

In the second trial this court took the position that the center of such irregular street intersection could not be determined as a matter of law but must in the nature of things be determined by the jury as a question of fact keeping in mind the purpose of the ordinance.  In leaving the matter to the jury with a statement of the purpose of the ordinance the court believes it worked out a common sense rule which gives full force and effect to the ordinance.

**Attorneys**—Peck, Shaffer & Williams, and Robert N. Gorman, for plaintiff; Charles C. Benedict, for defendant.

---

No. 570

JOHNSON v. SCHULTE

Superior Court of Cincinnati
No. 57733.  July 9, 1923

This opinion has not been published except in Abstract.

COSTS—In successive courts when error proceedings.

MARX, J.

### MEMORANDUM

#### Epitomized Opinion

At the first trial judgment was rendered for plaintiff.  On proceedings in error the judgment was affirmed by the Court of Appeals, but reversed by the Supreme Court, which awarded a new trial and in the mandate to this court ordered "that plaintiff in error recover from defendant in error his costs in this court and in the Court of Appeals."  At the second trial judgment was rendered for plaintiff for $750 and costs.  The question now before the court is whether the defendant is entitled to recover the costs of his successful proceedings in error in the Court of Appeals and Supreme Court or whether such costs follow the judgment in favor of the plaintiff in this trial and must be paid, together with the other costs by the defendant.  Held by Judge Marx:

This question is answered by 12279 GC. and by Cartwright v. Sole, 16 Ohio 316.  The costs incurred in the proceedings in error must be paid by the party losing such proceedings.  The costs in the original proceedings follow the final judgment.  The mandate of the Supreme Court follows this rule.  The defendant therefore is entitled to recover his costs in the Court of Appeals and in the Supreme Court.  All costs incurred in the proceedings in this court shall be recovered by plaintiff in accordance with the final judgment.

**Attorneys**—Minges & Jones, for plaintiff; Theo. Horstman and C. A. Schneiders, for defendant.